NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

---

|  |  |
|---|---|
| MICHAEL SERY, et al., | : |
|  | : |
| Plaintiffs, | : Hon. Faith S. Hochberg |
| v. | : |
|  | : Civil No. 06-cv-1026 (FSH) |
| FEDERAL BUSINESS CENTERS, INC., et al., | : |
|  | : **ORDER** |
| Defendants. | : |
|  | : Date: February 28, 2007 |
|  | : |
|  | : |

---

**HOCHBERG, District Judge**

This matter having come before the Court upon Plaintiffs' Order to Show Cause seeking

the appointment of a provisional director pursuant to N.J.S.A. § 14A:12-7 and pursuant to Fed.

R. Civ. P. 65;[1] and this Court having reviewed the submissions of the parties and considered the

motion on the papers in accordance with  Fed. R. Civ. P. 78; and for good cause shown; and

---

[1]  Each Plaintiff is a minority shareholder of Federal Business Centers, Inc. ("FBC"), a
closely-held New Jersey corporation.  Plaintiff Michael Sery is a member of the four-member
Board of Directors of FBC, along with Defendant Peter Visceglia, Defendant Christine Kanter,
and newly-added Defendant Frank Visceglia, Jr.
    Plaintiffs allege minority shareholder oppression on the part of the Defendants, including:
(1) dilution of Plaintiffs' shareholding interests in FBC, (2) denial of Plaintiffs' increase in cash
dividends; (3) refusal to make cash dividend distributions; and (4) forcing Plaintiffs to sell their
shares back to FBC at a low price.
    Plaintiffs requested that the Court appoint a provisional director to the FBC Board of
Directors pursuant to N.J.S.A. § 14A:12-7.

it appearing that Plaintiffs allege that Defendants "have taken and are threatening to take actions in bad faith that are unfair, oppressive and have harmed the plaintiffs' shareholder interests in FBC in violation of New Jersey's law;" and

it appearing that Plaintiffs request the Court to appoint one  provisional director to the Board of FBC pursuant to N.J.S.A. § 14A:12-7 "to take the actions required to halt the unfairness and oppression of the plaintiffs;" and

it appearing that the request for the appointment of a provisional director is an application "for immediate injunctive relief," Bosworth v. Ehrenreich, 823 F. Supp. 1175, 1178 (D.N.J. 1993); and

it appearing that when this Court has considered a request for the appointment of a provisional director, it has applied the standards for proceedings under Fed. R. Civ. P. 65,  id. at 1181-83 (applying the preliminary injunction standard to a request for the appointment of a provisional director pursuant to an Illinois statute); and

it appearing that a party seeking injunctive relief under Rule 65 must demonstrate: (1) a reasonable probability of success on the merits; (2) that irreparable harm will result if the requested relief is denied; (3) that the hardships balance in favor of the moving party; and (4) the public interest would be advanced by the requested relief.  AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994); New Jersey Hosp. Assoc. v. Waldman, 73 F.3d 509, 512 (3d Cir. 1995); and

it appearing that, based on the initial briefs filed in support of this motion, Plaintiff did

not demonstrate that irreparable harm would result if the requested relief was denied;[2]

it appearing that a determination of irreparable harm requires a fact-intensive inquiry; and

it appearing that this case has progressed substantially since this motion was initially filed, with extensive fact discovery having been conducted and new parties added.

Accordingly, **IT IS** on this 28th day of February 2007, hereby

**ORDERED** that Plaintiffs' initial request for the appointment of a provisional director is **DENIED** without prejudice, and that Plaintiffs may re-file this motion at the conclusion of discovery.

s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[2] In order to meet its burden of showing irreparable harm, the moving party "must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). The requirement that the movant must show irreparable harm "is not met where the injury is purely economic, and money may eventually compensate the movant for the loss." Bosworth, 823 F. Supp. at 1178, citing Frank's GMC Truck Center, Inc., 847 F.2d at 102. In Sampson v. Murray, 415 U.S. 61 (1974), the Supreme Court found the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [to weigh] heavily against a claim of irreparable injury." Id. at 90; see also Morton v. Beyer, 822 F.2d 364, 372 (3d Cir. 1987) ("Although we are not insensitive to the financial distress suffered by employees whose wages have been terminated, we do not believe that loss of income alone constitutes irreparable harm.").

Because Plaintiffs failed to demonstrate irreparable harm at the time the motion was filed, this Court need not address the other prongs of the preliminary injunction test.